# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH HANSON, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )  Civil No. _____ |
| | ) |
| BANDIT INDUSTRIES, INC., | ) |
| | ) |
|       Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bandit Industries, Inc. ("Bandit") hereby removes the action captioned *Joseph Hanson v. Bandit Industries, Inc.*, filed in Maine Superior Court, Cumberland County, Docket No. CV-2022-314 (the "State Court Action"), to the United States District Court for the District of Maine. In support, Bandit states as follows:

## BACKGROUND

1. On or about September 26, 2022, Plaintiff Joseph Hanson ("Mr. Hanson") commenced the State Court Action by filing a Complaint in Maine Superior Court, Cumberland County. A copy of the Complaint is attached as **Exhibit A**.

2. According to the Complaint, Mr. Hanson was employed in October 2016 by Bartlett Tree Experts in Scarborough, Maine. *Compl.* ¶ 3.

3. Mr. Hanson alleges that in October 2016, his co-workers and he "were working and clearing a wood lot located in Bridgton, Maine," which work included the use of a "wood chipper designed and manufactured by [Bandit]." *Id.* He alleges that, while operating the wood chipper, a certain winch line was pulled into the chipper, causing his legs to be entangled therein. *Id.* ¶ 4. He further alleges:

1

> Consequently, Plaintiff Hanson was yanked off his feet and drawn onto the feed table of the wood chipper. When that occurred, he immediately grabbed the reverse bar which prevented him from being pulled into the wood chipper blades, but it did not prevent the feed line from being drawn into the wood chipper which wrapped the feed line tighter and tighter around Plaintiff Hanson's legs like a tourniquet. Consequently, both of Plaintiff Hanson's legs were severely injured including one amputated.

*Id.*

4. Mr. Hanson alleges that the subject wood chipper and winch line were defective and that, as a result, he "has sustained past and future medical expenses, past and future wage loss, past and future pain, suffering, mental anguish, loss of quality and enjoyment of life, and mental and physical permanent impairment." *Id.* ¶ 9

5. Mr. Hanson asserts claims against Bandit for Strict Liability (Count I) and Negligence (Count II).

6. Bandit timely filed and served its Answer and Affirmative Defenses to the Complaint on December 9, 2022. A copy of the Answer and Affirmative Defenses to the Complaint is attached as **Exhibit B**.

## CITIZENSHIP OF PARTIES

7. Mr. Hanson is an individual residing in Swanton, Vermont. *Compl.* ¶ 1.

8. Bandit is a foreign corporation incorporated in and with its principal place of business in Michigan. *Compl.* ¶ 2.

9. For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Thus, for purposes of diversity jurisdiction, Bandit is a citizen of Michigan.

11. Complete diversity exists between Mr. Hanson and Bandit as of the time of this removal and existed at the time of the filing of the State Court Action.

## JURSIDICTION FOR REMOVAL

12. This Court has subject matter jurisdiction over this action and removal is appropriate pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, as this matter is a civil action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

13. Regarding whether the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, Maine state court practice does not permit a plaintiff to demand a specific amount for damages in the Complaint. 14 M.R.S. § 52.

14. In assessing the amount in controversy, "the appropriate measure is the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of the Plaintiff's Complaint. . . . The amount in controversy is determined on the basis of the facts and circumstances as of the time that an action arrives in federal court from a state court by way of removal." *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, at *2 (D. Me. Jan. 14, 2020) (internal quotation marks and punctuation omitted), *report and recommendation adopted*, 2020 WL 2996067 (D. Me. June 4, 2020).

15. Applying the standard set forth in *Connolly*, "the litigation value" of this case satisfies the jurisdictional threshold, as Mr. Hanson is alleging serious physical and emotional injuries, including amputation of one of his legs. *See* "Background," ¶¶ 3-4, *supra*.

**REMOVAL PURSUANT TO 28 U.S.C. §§ 1441(b) and 1446**

16. Bandit was served with the Summons and Complaint on November 22, 2022. A copy of the Summons is attached as **Exhibit C**.[1]

17. Bandit is timely filing this Notice of Removal within 30 days of original service. *See* 28 U.S.C. § 1446(b).

18. This Court encompasses Cumberland County, Maine where the State Court Action was filed, and therefore, this action is properly removed to this Court, sitting in Portland. 28 U.S.C. §§ 99, 1441(a); D. Me. L.R. 3(b).

19. Pursuant to 28 U.S.C. § 1446(d), Bandit will promptly file a copy of this Notice of Removal with the Clerk of the Maine Superior Court, Cumberland County, and will serve a copy on counsel of record for Mr. Hanson.

**CONCLUSION**

WHEREFORE, Defendant Bandit Industries, Inc., respectfully removes this action from the Maine Superior Court, Cumberland County, to the United States District Court for the District of Maine.

Dated at Portland, Maine this 19th day of December 2022.

> */s/ Brett R. Leland*
> Brett R. Leland, Esq., Bar No. 9828
> Verrill Dana LLP
> One Portland Square
> Portland, ME 04101-4054
> (207) 774-4000
> bleland@verrill-law.com
>
> *Attorney for Defendant Bandit Industries, Inc.*

---

[1] Pursuant to 28 U.S.C. § 1446(a), Exhibits A through C constitute copies of "all process, pleadings, and orders" served upon Defendant in the State Court Action. The attached copy of the Summons served on Bandit (Exhibit C) does not note the date of service, but Bandit was served on November 22, 2022.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2022, I filed this Notice of Removal with the Clerk of Court by e-mailing it to MaineECFIntake@med.uscourts.go and e-mailed a copy to counsel for Plaintiff at the following address:

> James J. MacAdam, Esquire
> MacAdam Law Offices, P.A.
> 45 Mallett Drive
> Freeport, ME 04032
> jmacadam@macadamlaw.com

>> */s/ Brett R. Leland*
>> Brett R. Leland