# EXHIBIT A

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          Civil Action
                                                        Docket No.

JOSEPH HANSON,                )
                              )
         Plaintiff            )
                              )
                              )
v.                            ) COMPLAINT
                              )
                              )
                              )
BANDIT INDUSTRIES, INC.,      )
                              )
         Defendant            )
                              )

NOW COMES the Plaintiff, Joseph Hanson, by and through his attorney, James J. MacAdam, and for his cause of action states as follows:

1. Plaintiff Joseph Hanson (hereafter "Plaintiff Hanson") is a resident of Swanton, Vermont.

2. Upon information and belief, Defendant Bandit Industries, Inc. (hereafter "Defendant Bandit") is a foreign corporation with a principal place of business located in Remus, Michigan.

3. On October 6, 2016, Plaintiff Hanson was employed by Bartlett Tree Experts in Scarborough, Maine. On that date, Plaintiff Hanson and his co-workers were working and clearing a wood lot located in Bridgton, Maine. They were using a wood chipper designed and manufactured by Defendant Bandit. The Bandit wood chipper was Model #1590 XP (hereafter "wood chipper") and was sold with a winch option installed by Defendant Bandit.

4. While Plaintiff Hanson was operating the wood chipper, the winch line, which unknown to Plaintiff Hanson had not been retracted, was pulled into the wood chipper. The winch line then became entangled around Plaintiff Hanson's legs. Consequently, Plaintiff Hanson was

1

yanked off his feet and drawn onto the feed table of the wood chipper. When that occurred, he immediately grabbed the reverse bar which prevented him from being pulled into the wood chipper blades, but it did not prevent the feed line from being drawn into the wood chipper which wrapped the feed line tighter and tighter around Plaintiff Hanson's legs like a tourniquet. Consequently, both of Plaintiff Hanson's legs were severely injured including one amputated.

5. The wood chipper and winch line did not have an interlock, safety switch, or other safety device to prevent the wood chipper from operating when the winch line was extracted. In addition, because of the unreasonable danger caused by the winch line, the wood chipper should not have been equipped with a winch without an interlock, safety switch, or other safety device.

6. When Plaintiff Hanson became entangled in the winch line, he immediately attempted to extricate himself but was unable to do so because of the speed and power of the wood chipper which simultaneously pulled the winch line into the wood chipper and tightened around and compressed Plaintiff Hanson's legs.

7. Because of such defects, the wood chipper was defective and unreasonably dangerous and the defects were a proximate cause of Plaintiff Hanson's injuries.

8. The wood chipper also lacked warnings or instructions regarding the dangers and safe operation of the winch and winch line. The lack of proper warnings and instructions, resulted in the wood chipper being defectively designed, defectively manufactured, and defectively distributed, and was a proximate cause of Plaintiff's injuries.

9. As a result of the unreasonably dangerous and defective conditions caused by the wood chipper and wood chipper winch line, Plaintiff Hanson has sustained past and future medical expenses, past and future wage loss, past and future pain, suffering, mental anguish, loss of quality and enjoyment of life, and mental and physical permanent impairment.

## COUNT I: STRICT LIABILITY OF DEFENDANT BANDIT

10. Plaintiff Hanson realleges Paragraphs 1-9.

11. At the time of the October 6, 2016 incident, the wood chipper was defective, defectively designed, had been improperly distributed, and was unreasonably dangerous for the following reasons:

- a) The winch, which was offered by Defendant Bandit as an add-on option, was supplied with the wood chipper used by Plaintiff Hanson as described above. It was defectively designed because it lacked an interlock, a shut off switch, kill switch, or other safety device to prevent the winch line from being drawn into the blades of the wood chipper;

- b) The wood chipper did not have an emergency shut off switch or other safety device to stop the blades when an operator became entangled in the winch line;

- c) The winch and winch line should not have been included as an option without an interlock or other safety device;

- d) The wood chipper was not adequately tested and inspected for safety and dangerous defects before being sold and distributed by Defendant Bandit;

- e) The wood chipper did not have adequate warnings of the dangers inherent in the use of the wood chipper by users, including the inability to stop the wood chipper in the case of an emergency; and

- f) The wood chipper was otherwise defective and unreasonably dangerous.

12. On information and belief, the unreasonably dangerous conditions and defects described above were known or should have been known by Defendant Bandit and existed at the time the wood chipper was manufactured, distributed, and sold by Defendant Bandit, and the wood

3

chipper was without significant change between the date of manufacture and when used by Plaintiff Hanson on October 6, 2016.

13. Defendant Bandit had a statutory duty to not distribute and sell its products in a defective or unreasonably dangerous condition to users of its product and failed to do so as described above.

14. Such failures described above in Paragraphs 11-13 were the proximate cause of Plaintiff Hanson's injuries and losses described in Count I.

## COUNT II: NEGLIGENCE

15. Plaintiff Hanson realleges Paragraphs 1-14.

16. Defendant Bandit had a duty to design, manufacture, test, inspect, distribute, and sell the wood chipper in a condition reasonably safe for its intended purpose.

17. Defendant Bandit knew or should have known that the wood chipper was not reasonably safe for its intended purpose for the wood chipper could not be safely operated without a risk of severe injury to the operator, and if an emergency occurred the wood chipper could not be safely and timely stopped before the occurrence of severe injury.

18. Plaintiff Hanson's use of the wood chipper was foreseeable, and the negligence of Defendant Bandit as described above in Paragraphs 16 and 17 was the proximate cause of Plaintiff Hanson's injuries and losses as stated in Count I.

## DAMAGES

WHEREFORE, Plaintiff Hanson demands judgment against Defendant Bandit on Counts I and II in an amount sufficient to fairly and reasonably compensate him for all past and future injuries and damages, plus Plaintiff Hanson's costs and interest.

Dated at Freeport, Maine this 26th day of September, 2022.

_____
James J. MacAdam, Esq., Bar No. 2484
Attorney for Plaintiff

MacAdam Law Offices, P.A.
45 Mallett Drive
Freeport, ME 04032
(207) 772-2220
jmacadam@macadamlaw.com