# EXHIBIT B

STATE OF MAINE                                                    SUPERIOR COURT
CUMBERLAND, ss                                                   DOCKET NO. CV-2022-314

Joseph Hanson,                          )
                                        )
                Plaintiff,              )
                                        )        **ANSWER AND AFFIRMATIVE**
v.                                      )        **DEFENSES TO COMPLAINT**
                                        )
Bandit Industries, Inc.                 )
                                        )
                Defendant.              )
                                        )

Defendant Bandit Industries, Inc. ("Bandit"), through undersigned counsel, answers and

asserts affirmative defenses to the Complaint of Plaintiff Joseph Hanson ("Plaintiff") as follows:

1. Bandit is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 1 of the Complaint.

2. Bandit admits the allegations in Paragraph 2 of the Complaint.

3. Bandit is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 3 of the Complaint.

4. Bandit is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 4 of the Complaint.

5. Bandit is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 5 of the Complaint.

6. Bandit is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 6 of the Complaint.

7. Bandit denies the allegations in Paragraph 7 of the Complaint.

8. Bandit denies the allegations in Paragraph 8 of the Complaint.

9. Bandit denies the allegations in Paragraph 9 of the Complaint.

## COUNT I: STRICT LIABILITY[1]

10. Bandit restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Bandit denies the allegations in Paragraph 11 of the Complaint, including the allegations in subparagraphs (a) – (f).

12. Bandit denies the allegations in Paragraph 12 of the Complaint.

13. Bandit denies the allegations in Paragraph 13 of the Complaint.

14. Bandit denies the allegations in Paragraph 14 of the Complaint.

WHEREFORE, Bandit respectfully requests that this Court enter judgment in its favor with respect to the Complaint, and that it be awarded its costs, expenses, attorney's fees, and/or such other or further relief as the Court deems just, proper, reasonable, and/or equitable.

## COUNT II: NEGLIGENCE

15. Bandit restates and incorporates by reference its responses to the allegations in Paragraphs 1 through 4 of the Complaint as if fully set forth herein.

16. Bandit denies the allegations in Paragraph 16 of the Complaint.

17. Bandit denies the allegations in Paragraph 17 of the Complaint.

18. Bandit denies the allegations in Paragraph 18 of the Complaint.

WHEREFORE, Bandit respectfully requests that this Court enter judgment in its favor with respect to the Complaint, and that it be awarded its costs, expenses, attorney's

---

[1] Plaintiff's headings used in the Complaint are used in this Answer solely to facilitate reference to the Complaint, and are not intended and shall not be deemed an admission of any matters stated, implied, or assumed by or in the headings.

fees, and/or such other or further relief as the Court deems just, proper, reasonable, and/or equitable.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent any or all fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent the Court lacks personal jurisdiction over Bandit.

3. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent there has been insufficiency of process and/or of service of process.

4. Plaintiff's claims are or may barred or limited, in whole or in part, by failure to join other Parties.

5. Plaintiff's claims are or may be barred or limited, in whole or in part, by the applicable statute of limitations and/or repose.

6. Plaintiff's claims are or may be barred or limited, in whole or in part, by applicable workers' compensation law.

7. Plaintiff's claims are or may be barred or limited, in whole or in part, by the comparative and/or contributory negligence and/or fault, and/or intentional conduct, of Plaintiff, including, but not limited to, pursuant to 14 M.R.S. § 156.

8. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent any alleged injuries and/or damages were caused, in whole or in part, by other persons, entities, and/or forces for whom/which Bandit was or is not responsible or liable.

9. Plaintiffs' claims are or may be barred or limited, in whole or in part, by the acts or omissions of others, including, but not limited to, alteration, modification, misuse, abuse,

3

neglect, and/or improper handling, repair, and/or maintenance of the subject product after leaving any possession, custody, and/or control of Bandit.

10. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent the subject product complied with applicable regulations, standards, guidelines, and/or the state-of-the-art.

11. Plaintiffs' claims are or may be barred or limited, in whole or in part, by spoliation of or a failure to preserve evidence.

12. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent there was any assumption of the risk and/or to the extent Plaintiff was aware of the alleged risk and/or defects.

13. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent there was no duty to warn, including, but not limited to, because the risk complained of was open and obvious and/or apparent.

14. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent any alleged injuries and/or damages were caused by or attributable to preexisting conditions and/or injuries.

15. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent any alleged injuries and/or damages were caused, in whole or in part, by preexisting, superseding, independent, intervening, and/or unforeseeable acts, omissions, and/or events for which Bandit is not responsible or liable.

16. Plaintiff's claims are or may be barred or limited, in whole or in part, by the doctrines of estoppel, laches, waiver, and/or unclean hands.

17. Plaintiff's claims are or may be barred or limited, in whole or in part, by contract, disclaimers, and/or limitations of liability.

18. Plaintiff's claims are or may be barred or limited, in whole or in part, by the learned/informed intermediary and/or sophisticated user doctrines.

19. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent that Plaintiff did not rely on any warranty(ies), express or implied, and that any warranty(ies) have been disclaimed.

20. Plaintiffs' claims are or may be barred or limited, in whole or in part, by failure to provide timely and/or sufficient notice.

21. Though not pled, to the extent Plaintiff seeks punitive damages, such claims would violate Bandit's rights under the due process clauses and/or any other applicable provisions of the United States and/or Maine Constitutions.

22. Plaintiff's claims are or may be barred or limited, in whole or in part, by failure to mitigate damages.

23. Plaintiff's claims are or may be barred or limited, in whole or in part, by accord and satisfaction and/or release.

24. Plaintiff's claims are or may be barred or limited, in whole or in part, to the extent Plaintiff has already recovered for any claimed injuries or damages.

25. Bandit reserves the right to assert additional affirmative defenses or to amend its answer or affirmative defenses as circumstances warrant.

WHEREFORE, Bandit respectfully requests that this Court enter judgment in its favor with respect to the Complaint, and that it be awarded its costs, expenses, attorney's

fees, and/or such other or further relief as the Court deems just, proper, reasonable, and/or equitable.

Dated at Portland, Maine this 9th day of December 2022.

Brett R. Leland, Esq., Bar No. 9828
VERRILL DANA
One Portland Square
Portland, ME 04101-4054
Tel: (207) 774-4000
mgaythwaite@verrill-law.com
bleland@verrill-law.com

*Attorneys for Defendant Bandit Industries, Inc.*